**Docket NO: 04cr1224 and 05cr1115 (SDNY) (52B-9)**

Submitted by:
/s/ Ulysses T. Ware

_____

Ulysses T. Ware, (the "**Prevailing Party**"), Petitioner
123 Linden Blvd.
Suite 9-L
Brooklyn, NY 11226
(718) 844-1260
Utware007@gmail.com
Submitted on November 9, 2021



# In the United States District Court
# For the Southern District of New York

_____

52B-9 to October 25, 2021, 52B-1, Emergency Motion for Leave to Compel the United States to file all **USSG 5K documents**, filings, pleadings, memorandums, Brady, **Giglio**, Rule 16 materials, Rule 11 plea or cooperation agreements, and/or promises related to *United States v. Ulysses Ware*, 05cr1115 (SDNY) and 04cr1224 (SDNY) regarding Government "principal witness" **Jeremy Jones, or any other person,** pursuant to the US Attorney's Manual Sections 9-5.001, and the First Amendment right of access to judicial public records.

_____

DOJ's Damian Williams, Merrick Garland, Marlon G. Kirton, Esq., Edgardo Ramos, Laura Taylor-Swain, William H. Pauley, III, and others Conspiracy to Suborn Perjury, Obstruct Justice, and Commit a fraud on the U.S. Court of Appeals for the Second Circuit in *U.S. v. Ware*, 07-5222cr, and the Supreme Court of the United States in case no. 10-6449, *Ware v. United States*.

_____

11.09.21 Ex. 58B-9 re Ulysses T. Ware's retained counsels in U.S. v. Ware, 04cr1224 (SDNY) and 05cr1115 (SDNY), Garland, Samuel, & Loeb, P.C.'s Casebook excerpts of Brady and Giglio violations for nondisclosure of government deals with its witnesses.

Page **1** of **2**
Tuesday, November 9, 2021
11.09.21 58B-9 re GSL Casebook of Brady violations for nondisclosure of government deals with its witnesses.

## Certificate of Service

I Ulysses T. Ware have this 9th day of November 2021, served the United States DOJ's lawyer, Damian Williams (SDNY), with a copy of this pleading via email to Damian.Williams@usdoj.gov, Jeffrey R. Ragsdale at Jeffrey.Ragsdale@usdoj.gov, Chief District Court Judge Laura Taylor-Swain, SwainNYSDCorresp@nysd.uscourts.gov, Edward T.M. Garland at etg@gsllaw.com, Manny Arora at manny@arora-law.com, The State Bar of Georgia at Office of the General Counsel, Bill NeSmith at billn@gabar.org, and Marlon G. Kirton, Esq. at kirtonlawfirm@gmail.com.

Garland, Samuel, & Loeb, P.C., Ulysses T. Ware's retained lawyers in U.S. v. Ware, 04cr1224 (SDNY) and 05cr1115 (SDNY) casebook of Brady decisions re Undisclosed Government deals with its witnesses.

# 58B-9
## BRADY
### (Undisclosed Deals of Witness)

*United States v. Mazzarella*, 784 F.3d 532 (9th Cir. 2015)
    The defendant was convicted of bank fraud. At a subsequent trial relating to other defendants, a key witness (employee of the defendant's company), testified that she obtained documents from the defendant's company at the request of the FBI and also related that she had been urged to do so with the lure of not being prosecuted. The disclosure of this possible Fourth Amendment violation and *Brady* information, necessitated that the district court conduct a full evidentiary hearing.

*Phillips v. Ornoski*, 673 F.3d 1168 (9th Cir. 2012)
    The state's failure to reveal that it had agreed to dismiss charges against a prosecution witness violated *Brady* and *Napue* and required that a death sentence be vacated. The deal was reached between the prosecutor and the witness's attorney, but it was conditioned on the witness's attorney's agreement not to tell the witness. Thus, the witness was not expressly told about the benefit that she would receive in exchange for her testimony. The fact that the "deal" was not disclosed to the witness by her attorney (at the request of the prosecutor) is not consequential. The prosecution knew that there was a deal and failed to correct false testimony. Moreover, the witness's attorney had urged the witness to testify, thus, the "benefit" that she was to receive was an incentive for her to testify. The Ninth Circuit also noted the difference between the materiality standard for a *Brady* claim and a *Napue* claim: a *Napue* violation is material when there is "any reasonable likelihood that the false testimony *could* have affected the judgment of the jury." *United States v. Agurs*, 427 U.S. 97, 103 (1976). In contrast, a *Brady* violation is material to a jury's verdict when "there is a reasonable probability that the result of the proceeding *would* have been different by for the violation. *United States v. Bagley*, 473 U.S. 667, 682 (1985).

*Lacaze v. Warden Louisiana Correctional Institute for Women*, 645 F.3d 728 (5th Cir. 2011)
    The prosecution failed to reveal that a witness had been promised that in exchange for his cooperation, the witness's son would not be prosecuted. The Fifth Circuit granted the writ.

*Maxwell v. Roe*, 628 F.3d 486 (9th Cir. 2010)
    The state failed to reveal to the defense that the informant in this state murder prosecution had originally negotiated a certain deal in exchange for his testimony and that thereafter, the informant insisted on an even better deal in exchange for his testimony in the murder case. The informant also committed perjury during the course of his testimony, including about his background, his education, a conversation he had the with the prison rabbi about testifying against the defendant, as well as his history of providing "snitch" evidence in other cases. This case contains an extensive discussion of the perils of jailhouse informant testimony.

*Douglas v. Workman*, 560 F.3d 1156 (10th Cir. 2009)
    Tacit agreements with cooperating witnesses must also be disclosed under the command of *Brady*, not just express agreements to provide leniency or no prosecution in the witness's case.

258

*Harris v. Lafler*, 553 F.3d 1028 (6th Cir. 2009)
A key witness who testified for the prosecution had been promised that he would be released and that his girlfriend would be released based on his testimony establishing the defendant's guilt. He was also told to deny, if asked, that any deals had been made for his testimony. When this came to light, after trial, the state court still concluded that the withheld evidence was immaterial. The Sixth Circuit disagreed and ordered that the conviction be set aside.

*Tassin v. Cain*, 517 F.3d 770 (5th Cir. 2008)
The state prosecutor's failure to reveal the existence of a deal with a prosecution witness required that the defendant's murder conviction be set aside. The witness's attorney submitted an affidavit after trial that he had an understanding with the prosecutor that the witness would receive a ten year sentence, an agreement that the trial judge was also aware of.

*United States v. Morris*, 498 F.3d 634 (7th Cir. 2007)
During the trial the prosecutor repeatedly stressed that the cooperating witness was facing a mandatory minimum ten years in prison. In closing argument, the prosecutor emphasized this, again. After trial, the prosecutor filed a motion for a downward departure, including relief from the mandatory minimum. This amounts to prosecutorial misconduct. But harmless error.

*Horton v. Mayle*, 408 F.3d 570 (9th Cir. 2004)
The state's failure to disclose the existence of an immunity agreement between a key prosecution witness and the state violated *Brady*. The witness's testimony was the "glue" that kept the state's case together and the immunity agreement would have been a powerful tool of impeachment.

*Hayes v. Brown*, 399 F.3d 972 (9th Cir. 2005)
The prosecutor and a witness's attorney reached an agreement that provided that if the attorney's client testified against the defendant, felony charges against the witness would be dismissed. One part of the agreement required the attorney to not disclose the agreement to the witness, so he could testify at the defendant's trial and honestly deny the existence of any deal with prosecutors. The Ninth Circuit granted habeas relief, holding that this deal should have been disclosed to the defense, even though the witness did not know about the deal. The witness's denial of a deal was, in fact false, and pursuant to *Pyle* and *Acorta*, the state had a duty to correct the false testimony.

*United States v. Blanco*, 392 F.3d 382 (9th Cir. 2004)
The government's failure to reveal that an informant had an ongoing relationship with the INS (in addition to the disclosed relationship with DEA) and that he had been given a "special parole visa" enabling him to remain in the U.S. was error that necessitated a remand for consideration of an appropriate remedy. The record in this case demonstrated that, at least to some extent, the DEA was intentionally withholding information from the AUSA. This, of course, is no defense to a *Brady* violation. The duty under *Brady* extends to the DEA and any other law enforcement agency involved in the prosecution of the defendant.

259

*United States v. Sipe*, 388 F.3d 471 (5th Cir. 2004)

The government's failure to reveal that one of the government witnesses told the government that he "disliked" the defendant; as well as the "benefits" granted to numerous other government witnesses, amounted to a *Brady* violation that required setting aside the conviction. The Fifth Circuit noted that evidence of guilt was "significant," but that the withheld evidence, when considered in the totality, undermined confidence in the verdict.

*Shih Wei Su v. Filion*, 335 F.3d 119 (2d Cir. 2003)

The Second Circuit concluded that the prosecutor knowing elicited perjured testimony relating to a witness's cooperation agreement with the government and granted a writ of habeas corpus. In fact, there was an agreement that if he cooperated, the witness would be afforded youthful offender treatment. At trial, however, it was represented that there was no agreement on the terms of the plea agreement.

*Grisby v. Blodgett*, 130 F.3d 365 (9th Cir. 1997)

Post-trial, a witness stated that he had lied at trial when he testified that he had not been offered a deal by the police detectives in exchange for his testimony. A full evidentiary hearing should have been conducted. The proffered evidence, if true, would establish that the witness gave perjured testimony. A conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury.

*Singh v. Prunty*, 142 F.3d 1157 (9th Cir. 1998)

The state failed to inform the defendant in his state murder trial that a key prosecution witness was promised certain benefits for his testimony, including favorable treatment on various pending criminal charges.

*DeMarco v. United States*, 928 F.2d 1074 (11th Cir. 1991)

Though the defense attorney was aware that one of the prosecutor's witnesses was committing perjury, the prosecutor's allowing this to occur and then capitalizing on the testimony in her closing was grounds to vacate the judgment. The perjured testimony in this case was the existence of deals and promises from the government. The defense attorney was formally provided notice of the deals, but at trial, the witness denied there were any deals and the prosecutor did nothing to correct this false testimony. The fact that the prosecutor referred to these lies in her closing argument is the reason for reversal despite the defense attorney's knowledge of the lies.

*Moore v. Kemp*, 809 F.2d 702 (11th Cir. 1987)

The prosecution's withholding from the defendant of portions of the criminal record of the prosecution's key witness, as well as failing to disclose an agreement the State had with that witness requires a further evidentiary hearing to determine whether the conviction and sentence should be set aside.

*Brown v. Wainwright*, 785 F.2d 1457 (11th Cir. 1986)

The State knowingly introduced false testimony relating to a witness' tentative plea agreement. In granting *habeas* relief, the Eleventh Circuit holds that the proper legal standard is not whether the defendant can prove that the correction of the false testimony "probably would have resulted in an acquittal." Rather, where, as here, the State intentionally uses false testimony, a new trial is required if the false testimony "could in any reasonable likelihood have affected the judgment of the jury."

*Gilday v. Callahan*, 59 F.3d 257 (1st Cir. 1995)

The prosecutor made a deal with the witness's attorney that, if the witness testified, no criminal charges would be brought against the witness. The witness's attorney apparently did not reveal this to the witness, but did tell the witness that it would be in his best interest to testify. The failure to disclose this "deal" with the witness violated *Brady*. Nevertheless, it was harmless error in this case.

*Ouimette v. Moran*, 942 F.2d 1 (1st Cir. 1991)

The district court's decision granting a writ of *habeas corpus* was affirmed. The district court found that the state prosecutor withheld evidence of deals made with prosecution witnesses, as well as the criminal record of witnesses. In a lengthy analysis of the evidence in the case and the extent of prosecutorial misconduct in withholding exculpatory and impeaching evidence, the appellate court concludes that the misconduct necessitated a new trial.

*United States v. Luc Levasseur*, 826 F.2d 158 (1st Cir. 1987)

The First Circuit upholds the trial court's ordering the government to make pre-trial disclosure of all promises, rewards and inducements made to any witness the government intended to call in its case-in-chief.

*United States v. Boyd*, 55 F.3d 239 (7th Cir. 1995)

Another of the El Rukn convictions was set aside because of the prosecutor's failure to reveal the extent to which witnesses for the prosecution were rewarded with sexual favors, phone privileges, physical contact with relatives and drug transfers. One witness for the prosecution testified that he no longer used drugs, even though the prosecution was aware that he was dealing drugs in prison during the time that he testified. The failure to disclose this to the defense was a *Brady* violation which required reversal of the conviction. The trial court properly granted a new trial to the defendant.

*Bagley v. Lumpkin*, 798 F.2d 1297 (9th Cir. 1986)

Despite specific requests by the defense, the government failed to produce evidence that the key prosecution witness was acting under financial inducements. This is the case which earlier had gone to the United States Supreme Court which redefined the standard of review in *Brady* cases. *United States v. Bagley*, 473 U.S. 667. Back in the Ninth Circuit, the Court holds that a reversal was still required under the new standard.

*United States v. Smith*, 77 F.3d 511 (D.C.Cir. 1996)

The government failed to reveal to the defense that one of the government's witnesses had a D.C. Superior Court case dismissed against him and also had a psychiatric history. This was reversible error. Citing *Kyles v. Whitley*, the appellate court observed that in determining the

261

materiality of the non-disclosed information, the lower court should not simply determine whether the evidence was still sufficient to convict the defendant if the witness whose history was not disclosed were ignored.

DONALD F. SAMUEL · GARLAND, SAMUEL & LOEB, P.C., ATLANTA, GEORGIA · 404-262-2225 · dfs@gsllaw.com