**IT IS ORDERED as set forth below:**



Date: December 13, 2022

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| GROUP MANAGEMENT CORP., | Case No. 03-93031-WLH |
| DEBTOR. | |

**ORDER FINDING ULYSSES T. WARE IS A VEXATIOUS LITIGANT AND
LIMITING HIS FUTURE FILING IN THIS CASE**

On October 24, 2022, the Court entered an Order (Doc. No. 256) (the "Show Cause Order") directing Ulysses T. Ware ("Mr. Ware") to show cause within fourteen (14) days as to why he should not be deemed a vexatious litigant and be prohibited from filing, sending, or otherwise delivering documents for filing in this closed bankruptcy case. Mr. Ware responded to the Show Cause Order (Doc. No. 260) and requested the Court hold a hearing to allow him an opportunity

1

to respond. On November 9, 2022, the Court entered an Order and Notice of Hearing scheduling a hearing on December 8, 2022 on the portion of the Order directing Mr. Ware to show cause as to why he should not be deemed a vexatious litigant and be prohibited from filing, sending, or otherwise delivering documents for filing in this closed bankruptcy case (Doc. No. 262). Mr. Ware responded to the Show Cause Order on November 10, 2022 (Doc. No. 264). On December 8, 2022, the Court held a hearing. Mr. Ware appeared by video. Mr. Ware tendered Ex DX-1, which the Court admitted. He has also submitted pleadings since the hearing. (Doc. No. 272.) Having considered Mr. Ware's written and oral arguments and the entire record of this case, the Court now enters this order.

Applicable Law

A litigant's right of access to the courts is neither absolute nor unconditional. In re Armstrong, 309 B.R. 799, 805 (B.A.P. 10th Cir. 2004). "Litigants who file frivolous, abusive papers 'interfere with the orderly administration of justice.'" In re Meltzer, 535 B.R. 803, 820 (Bankr. N.D. Ill. 2015). The Eleventh Circuit "repeatedly has held that federal courts have the power to manage their dockets and curb vexatious litigation." U.S. v. Maass, 2005 WL 2298296, at *3 (11th Cir. Sept. 22, 2005) (citing Martin-Trigona v. Shaw, 986 F.2d 1384, 1387 (11th Cir. 1993); Copeland v. Green, 949 F.2d 390 (11th Cir. 1991)); see also In re Meltzer, 535 B.R. 803, 820–21 (Bankr. N.D. Ill. 2015) ("Federal courts have a responsibility to protect themselves from abuse, and they have 'ample authority' to do so by restricting the ability of abusive litigants to file.").

The bankruptcy court has authority to regulate vexatious litigation pursuant to section 105(a) of the Bankruptcy Code and the All Writs Act, 28 U.S.C. § 1651(a). In re Kristan, 395 B.R. 500, 511 (B.A.P. 1st Cir. 2008); In re Agrawal, 2018 WL 4850376, at *1 (Bankr. W.D. Okla. Oct.

2

4, 2018). Section 105 allows the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Code." 11 U.S.C § 105; Law v. Siegel, 571 U.S. 415, 420-21 (2014). As other courts have noted, this section confers "broad powers . . . to prevent an abuse of the bankruptcy process," and grants authority to impose filing restrictions. Meltzer, 535 B.R. at 821 (citations omitted).

The "All Writs Act," 28 U.S.C. § 1651(a), authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." By its terms, the All Writs Act applies to bankruptcy courts to regulate the activities of abusive litigants. In re Melcher, 2014 WL 1410235, at *9 (B.A.P. 9th Cir. Apr. 11, 2014); see also In re Agrawal, 2018 WL 4850376, at *1 (Bankr. W.D. Okla. Oct. 4, 2018); Chandler v. O'Bryan, 445 F.2d 1045, 1056 (10th Cir. 1971) (federal court has power to enjoin harassing and vexatious litigation in appropriate circumstances), cert. denied, 405 U.S. 964 (1972).

Bankruptcy courts also have inherent power to control the course of litigation before them, which "stems from the very nature of courts and their need to be able to 'manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" U.S. v. Int'l Bd. of Teamsters, 948 F.2d 1338, 1345 (2d Cir. 1991).

An injunction limiting a litigant's filings is appropriate where necessary to prevent undue interference with the orderly administration of bankruptcy proceedings, In re Amir, 2013 WL 5302549, at *2-3 (Bankr. N.D. Ohio Sept. 18, 2013), and the Eleventh Circuit has long recognized a court's ability to issue injunctions against abusive and vexatious litigants. In re U.S. Corp. Co., 2021 WL 1100078, at *4 (Bankr. N.D. Fla. Jan. 22, 2021). "Such injunctions may be appropriate to protect both the court and its staff, as well as the right of all litigants in the federal system." Id. (citing Procup v. Strickland, 792 F.2d 1069, 1071-74 (11th Cir. 1986) (en banc) (per curiam)). As

the Eleventh Circuit has explained, "[a] court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others, and a litigant can be severely restricted as to what he may file and how he must behave in his applications for judicial relief." Maid of the Mist Corp. v. Alcatraz Media, LLC, 388 F. App'x 940, 942 (11th Cir. 2010) (internal quotations and citations omitted). That a vexatious litigant is *pro se* offers "no impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." Farguson v. MBank Houston, NA, 808 F.2d 358, 359 (5th Cir. 1986).

Courts have considerable discretion in fashioning the contours of restrictions in a particular case. See Procup, 792 F.2d at 1074; Cofield v. Alabama Pub. Serv. Comm'n, 936 F.2d 512, 518 (11th Cir. 1991); see also Baptiste v. Doe, 2020 WL 7235416, at *4 (S.D. Fla. Nov. 4, 2020), aff'd, 2021 WL 6112976 (11th Cir. Dec. 27, 2021) (restrictions imposed in particular case did not prevent plaintiff from filing whatever he wants in *other* cases). Accordingly, courts may take creative actions to discourage hyperactive litigators. Cofield, 936 F.2d at 518.

For example, in Daker v. Owens, 2022 WL 1819104 (S.D. Ga. May 27, 2022), the plaintiff filed 60 motions over the course of a year, many of which were motions to reconsider or objections to the court's prior orders. The court noted that the filings were often boilerplate, duplicative, and tangential to the merits of his claims and his litigation tactics "consumed inordinate Court resources." Id. at *1. The court, looking to take a creative step to combat the vexatious litigation, prohibited the plaintiff from filing various motions including any motion challenging the court's prior rulings in this case, such as motions for reconsideration or motions to vacate or set aside the prior orders. The court noted that the limitation did not hinder the plaintiff's ability to seek appellate review. See also Williams v. Allen, 2017 WL 1102597, at *3 (S.D. Ga. Mar. 22, 2017)

4

(ordering clerk shall not docket any further petitions, motions or papers in case except for a notice of appeal and directing any papers other than a notice of appeal to be returned to petitioner unfiled).

In De Long v. Hennessey, 912 F.2d 1144 (9th Cir. 1990), the Ninth Circuit Court of Appeals set out four factors for a court to consider before entering a filing restriction: 1) the litigant must be given notice and a chance to be heard before the order is entered; 2) the Court must compile an adequate record for review; 3) the court must make substantive findings about the frivolousness or harassing nature of the plaintiff's litigation; and 4) the vexatious litigant order must be narrowly tailored to closely fit the specific device encountered. Id. at 1147-48. The first two of these requirements are procedural considerations—the factors define "'[a] specific method or course of action' that district courts should use to assess whether to declare a party a vexatious litigant and enter a pre-filing order." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057–58 (9th Cir. 2007) (citations omitted). The latter two factors are substantive considerations: "the factors help the district court define who is, in fact, a 'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts." Id.

The Second Circuit Court of Appeals set forth its own set of five factors to consider in sanctioning vexatious litigants in Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d. Cir. 1986). The Safir factors are: 1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; 2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; 3) whether the litigant is represented by counsel; 4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and 5) whether other sanctions would be adequate to protect the courts and other parties." 792 F.2d at 24. As other courts have

5

noted, these factors provide a "helpful framework" for applying the substantive elements (factors three and four) of the De Long test. Molski, 500 F.3d at 1058. With this background, the Court will examine the facts of this case.

Factual Background

As detailed in the Court's Show Cause Order (Doc. No. 256), Mr. Ware has a history of vexatious litigation, in this Court and elsewhere. Group Management Corp ("GMC" or "Debtor") filed a chapter 11 petition under the Bankruptcy Code on March 18, 2003. The petition was filed by "Thomas Ware" as attorney for GMC. On March 26, 2003, the Court entered an order requiring GMC to obtain new counsel because Mr. Ware had been suspended from practicing in the Northern District of Georgia. GMC then retained Sims Gordon to represent it. On May 20, 2003, the Court dismissed the case with the Debtor's consent. No one appealed or challenged the dismissal order, and the bankruptcy case was closed on June 3, 2003.

Starting in late 2011, Mr. Ware sent letters about the dismissed and closed bankruptcy case to the chambers of Judge Murphy (the bankruptcy judge who handled the case in 2003). Her chambers responded to Mr. Ware directing him to file appropriate pleadings with the Bankruptcy Clerk. In July 2012, Mr. Ware submitted to the Bankruptcy Court an "Emergency Motion for Fraud on the Court Proceedings" seeking relief from the 2003 dismissal, among numerous other requests. The Bankruptcy Court did not docket the motion, but the Bankruptcy Clerk sent a letter on July 25, 2012, to Mr. Ware informing him that the submission did not concern an active bankruptcy case.

Mr. Ware continued to send documents to the Bankruptcy Court, to Judge Murphy, and to other judges directly. On October 5, 2012, the Bankruptcy Court sent Mr. Ware a second letter stating that the papers did not relate to an active bankruptcy case before the Bankruptcy Court for

the Northern District of Georgia. From 2012 on, Mr. Ware continued sending letters to bankruptcy judges and to the Bankruptcy Clerk. Some were addressed to the Bankruptcy Court, and others were copies of letters sent to other courts referring to other cases. The court responded to Mr. Ware's inquiries on October 1, 2016; February 5, 2017; April 5, 2021; April 21, 2021; June 9, 2021; June 23, 2021; and August 18, 2022. Nevertheless, Mr. Ware's letters continued and increased in frequency. Beginning in 2021, the Court endeavored to place these communications on the docket, even when they were not addressed to this Court and were not pleadings in this bankruptcy case.

In his submissions (see e.g., Docs. Nos. 84-91, 151-158, 165, 175-184, 187-188, 197-203, 239, 241), Mr. Ware asks a number of questions, most of which reflect a lack of understanding by Mr. Ware of the bankruptcy case. The requests for relief are also outdated and seek relief not available in this Court. For example, Mr. Ware has asked the Court to determine the Subscribers were unregistered broker-dealers; to require the Subscribers to show cause as to why they are not liable to Mr. Ware, GMC, and "others" for their criminal conduct; to notify the U.S. Attorney to vacate New York criminal proceedings against him; to notify the SDNY courts that all SDNY proceedings have been vacated, abrogated, and annulled; to refer district court judges, judges and trustees of this Court, the U.S. Trustee, the Subscribers, their counsel, and his criminal attorneys to the Department of Justice. He has alleged that the Court and its employees have participated in collection of a RICO loan sharking debt and violated RICO and that they are in "contempt" of the order in the SDNY Case dismissing that case. These documents contain incendiary allegations against judges of every court who come in contact with this case without any basis and some derogatory and inappropriate language, and they misstate what has happened in other courts. The Court ruled on all Mr. Ware's contentions on October 24, 2022. (Doc. No. 256). Since then, Mr.

7

Ware has submitted approximately ten additional "motions." Docs. Nos. 259-61, 264-66, 269-71, and 273. The Court ruled on these additional pleadings by order entered contemporaneously herewith.

Mr. Ware's conduct of filing paper after paper in this case is not unique. Rather, it is part of a larger pattern of frivolous, harassing, and vexatious filings. After this Court declined to docket his 2012 motion seeking reconsideration, Mr. Ware filed a petition for writ of mandamus in the Eleventh Circuit, initiating Case No. 15-12568, which the Eleventh Circuit denied. Mr. Ware then filed a motion for reconsideration, which the Eleventh Circuit denied on September 14, 2016. He filed a motion for en banc rehearing and relief, which was returned unfiled because the case was closed. The court provided, "No further relief is available from this Court." Mr. Ware then filed a petition for writ of certiorari, which the Supreme Court denied.

Mr. Ware filed a second unsuccessful petition for writ of mandamus followed by a third, which was docketed on June 23, 2016, as Case No. 16-13978. Mr. Ware filed a motion to reconsider the denial of his third mandamus petition, which the Court of Appeals denied on June 16, 2017. Mr. Ware then moved for clarification of the order denying his motion for reconsideration, which the Court of Appeals considered. It entered an order on November 1, 2017, clarifying its ruling on timeliness, standing, and the merits of the Rule 9024 motion. Mr. Ware filed a second motion for clarification. On March 1, 2018, the Court of Appeals provided further clarification on the applicable legal standards and denying the second motion for clarification to the extent Mr. Ware sought clarification of matters beyond the scope of the Eleventh Circuit's prior orders. The docket indicates that when Mr. Ware filed yet another request for clarification with the Court of Appeals, it was returned on March 23, 2018, unfiled because a party may not file a request for "reconsideration of a denied Application to file a Second or Successive Petition."

8

Mr. Ware has also filed extensive papers in other courts, including in Case No. 02-cv-2219 (SDNY). After that case was closed, Mr. Ware filed submissions that the Court construed as a motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure. The court denied the request and directed the clerk to accept no further submissions from Mr. Ware in the case except for papers directed to the United States Court of Appeals for the Second Circuit. (Case No. 02-cv-2219 Doc. No. 102.) Mr. Ware appealed the denial of his motion, and the United States Court of Appeals for the Second Circuit denied his appeal on the ground that it was not a departure from his pattern of vexatious litigation. (Case No. 02-cv-2219 Doc. No. 106.)

Despite the admonishment to cease filing, Mr. Ware continued to file papers in Case No. 02-cv-2219. On May 17, 2019, the Court entered an order noting the case had then been closed for more than a decade. Nevertheless, Mr. Ware, a former attorney, flooded the Court with letters and filings despite admonitions to desist. The Court directed the Clerk of Court to terminate all pending motions, as the Court had previously directed the Clerk of Court not to accept further submissions from Mr. Ware in the case. The Court noted that its prior order (Case No. 02-cv-2219 Doc. No. 102) remained in effect.

Mr. Ware nonetheless continued to file papers in the closed case. On October 27, 2022, the Court clarified that the prior order limiting him from filing technically remained in effect and directing Mr. Ware to show cause as to why he should not be prohibited from filing any further papers without leave of court. (Case No. 02-cv-2219 Doc. No. 137.) Mr. Ware has since filed over a dozen letters, "motions," and other papers in response.

Mr. Ware's pattern of frivolous filing is also evident in his two criminal cases in New York. In 2004, he was indicted for criminal contempt and violating 18 U.S.C. § 401(3) in Case No. 04-cr-1224 (SDNY). He was convicted of three counts of criminal contempt and violating 18 U.S.C.

§ 401(3). The criminal case was marked closed on February 2, 2009, and the Second Circuit denied his appeal of his conviction on November 4, 2020. Mr. Ware continued, though, to "burden [the court] with a barrage of applications, requests, letters, and motions[,]" which the court reviewed and found to be "meritless and frivolous." (Case No. 04-cr-1224 Doc. No. 118.) Mr. Ware continued to submit papers, which the court docketed but stated no further action would be taken. The court cautioned Mr. Ware, "as a former attorney, to refrain from burdening [the court] with frivolous filings." (Case No. 04-cr-1224 Doc. No. 125.) Mr. Ware did not stop. He filed additional papers in the closed case seeking to dismiss the indictment. The court found, like his previous filings, the motion occurred "in the absence of any case or controversy" and was "frivolous and without merit." (Case No. 04-cr-1224 Doc. No. 130.) The court once again cautioned Mr. Ware "against filing further frivolous filings." Id. Mr. Ware continued his practice. In July 2017, the court noted that Mr. Ware had sent the court numerous letter motions over several months requesting that all previous judgments be vacated, and the indictment dismissed, among other relief. The court stated that, given Mr. Ware's litigious history, future motions would result in the imposition of filing restrictions. (Case No. 04-cr-1224 Doc. No. 152.) Despite the warnings, Mr. Ware kept at it, and, on September 11, 2017, the court directed the clerk to close all pending motions and not open any new motions absent court order. (Case No. 04-cr-1224 Doc. No. 160.) Over the next several years, Mr. Ware continued to inundate the court with filings. In an order dated July 28, 2021, the court noted that no leave was granted for Mr. Ware to make any motions or other submissions and the court would not consider any further relief sought by Mr. Ware. (Case No. 04-cr-1224 Doc. No. 222.) While all outstanding issues had been resolved, and the case had been closed for years, Mr. Ware continued to file "pleadings." On August 5, 2021, the court ordered that no further motions by Mr. Ware would be opened or docketed absent a court order

stating otherwise. (Case No. 04-cr-1224 Doc. No. 225.) Mr. Ware moved for reconsideration of that order, which the court denied. (Case No. 04-cr-1224 Doc. No. 227.)

Mr. Ware similarly proved to be a vexatious litigant in his second criminal case. The United States initiated a second criminal complaint against Mr. Ware for, inter alia, conspiracy to defraud the United States and use of manipulative and deceptive devices in connection with the sale of securities. (Case No. 05-cr-1115 (SDNY).) He was convicted on two counts. The Court of Appeals for the Second Circuit affirmed the conviction and remanded the case for sentencing. After the remand, Mr. Ware "launched a barrage of post-judgment applications and motions" which the court reviewed and found to be "uniformly and completely without merit." (Case No. 05-cr-1115 Doc. No. 149.) The court cautioned Mr. Ware to refrain "from burdening [the court] with incessant and patently frivolous applications" and directed the clerk to mark the case closed. Id. Mr. Ware submitted additional papers. The court noted that the action had been terminated and no further actions would be ordered. (Case No. 05-cr-1115 Docs. Nos. 178, 180-189.) Mr. Ware, however, continued to file letters and "pleadings." In an order dated November 26, 2013, the court noted that "since his conviction in this case, Mr. Ware has sent almost one hundred pro se letters and motions—all equally without merit." (Case No. 05-cr-1115 Doc. No. 222.) The court had directed Mr. Ware to "cease and desist his frivolous writing campaign" but he "has not heeded those orders." Id. Accordingly, the court directed the clerk to close all pending motions and not open any new ones absent court order. Id. The court further directed the clerk to return all future correspondence from Mr. Ware. Id. Mr. Ware continued his practice of filing papers, and, on July 28, 2021, the court ordered "[n]o further relief sought by [Mr.] Ware will be considered." (Case No. 05-cr-1115 Doc. No. 304.) Mr. Ware continued to file "pleadings," despite prior orders restricting him from doing so. On August 5, 2021, the court ordered that no further motions by Mr.

11

Ware would be opened or docketed absent a court order stating otherwise. (Case No. 05-cr-1115 Doc. No. 307.) Mr. Ware moved for reconsideration of that order, which the court denied. (Case No. 05-cr-1115 Doc. No. 309.)

When the New York courts stopped considering his requests regarding the criminal cases, Mr. Ware initiated additional litigation. In 2022, Mr. Ware filed a petition for writ of habeas corpus seeking a temporary restraining order and other injunctive relief preventing the enforcement of convictions rendered in the Southern District of New York, for his convictions and sentences to be set aside, and for him to receive new trials. In the eight months since he initiated the action, Mr. Ware has filed nearly 120 motions, letters, and other papers, which raise the same basic claims he attempts to raise in this case, although seeking a different remedy. (Case No. 22-cv-3409.)

As these cases demonstrate, Mr. Ware has a long history of submitting multiple filings in closed cases. His pattern of frivolous filings is well documented. He has been admonished time and time again to stop filing unmeritorious papers, but he has continued to barrage this Court and others with submission after submission.

Application

Upon review of Mr. Ware's history regarding this bankruptcy case, the Court finds Mr. Ware is an abusive filer and a filing restriction is warranted.

First, precedent governing the imposition of pre-filing injunctions on vexatious litigants states "[n]otice and a hearing are required if the district court sua sponte imposes a pre-filing injunction." Qureshi v. U.S., 600 F.3d 523, 526 (5th Cir. 2010). The Court provided Mr. Ware with a notice and an opportunity to contest the Court's rationale for imposing sanctions. (Doc. No. 262.) The Court held a hearing on December 8, 2022, at which Mr. Ware appeared by video. The

12

Court provided Mr. Ware an opportunity to respond to the Show Cause Order, which he did at Doc. No. 264. The Court also admitted into evidence DX-1 proffered by Mr. Ware (Doc. No. 272).

Mr. Ware argues filing restrictions are not appropriate because the Court has not previously entered orders warning him against frivolous filings. A warning is not required, Emrit v. Trump, 2019 WL 140107, at *3 (S.D. Ohio Jan. 9, 2019), but the Court did send Mr. Ware numerous letters (dated July 25, 2012; October 5, 2012; October 21, 2016; April 5, 2021; April 21, 2021; June 9, 2021; and June 23, 2021), returning pleadings, responding to numerous requests, informing him that his submissions did not concern an active bankruptcy case and reminding him that the case remained dismissed and closed. Further, Mr. Ware was explicitly warned, through the Show Cause Order, that filing restrictions were possible. See Rolle v. Litkovitz, 2021 WL 4169022, at *6 (S.D. Ohio Sept. 14, 2021), report and recommendation adopted, 2021 WL 4947125 (S.D. Ohio Oct. 25, 2021), aff'd, 2022 WL 16753133 (6th Cir. May 12, 2022) (show cause order provided warning). The Court also provided Mr. Ware with notice and a hearing. Mr. Ware has had ample notice that the Court was considering filing restrictions in this dismissed and closed bankruptcy case.

Second, the Court has compiled a record of Mr. Ware's multitude of filings in the Show Cause Order, which it incorporates herein. As described in the Show Cause Order, Mr. Ware is a prolific filer. Though the case has been dismissed and closed for 19 years, Mr. Ware has bombarded the Court with papers in recent years. In the last eighteen months, Mr. Ware has sent documents almost daily. Since March 2021, the docket reflects over 200 entries filed by Mr. Ware. Mr. Ware has continued filing papers requesting the same relief, despite a denial of three requests for mandamus by the Eleventh Circuit.

13

Third, Mr. Ware's filings are frivolous and harassing, based on both the number and content of the filings. Mr. Ware has filed 200 plus documents in this dismissed and closed bankruptcy case, most of which have been repetitive if not duplicative. This Court and the Eleventh Circuit have both repeatedly rejected Mr. Ware's claims regarding the dismissal of the bankruptcy case. He has filed similar claims in the various New York cases. His claims are without merit. Mr. Ware does not take "no" for an answer, though, and has multiplied the litigation by filing frivolous motions for reconsideration or "clarification" and posing an unnecessary burden on the Court and its personnel. Mr. Ware has also been warned by other courts to refrain from filing frivolous pleadings, and his conduct in this case is part of a larger pattern of frivolous filings, which has been documented extensively by other courts including the United States District Court for the Southern District of New York in case nos. 02-cv-2219, 04-cr-1224, and 05-cr-1115. Additionally, the content of Mr. Ware's papers is indicative of frivolousness as he often includes profane language, accuses judges and officials of crimes, and seeks remedies not available. All pleadings he has filed in all the cases have been denied or ignored, so he can have no good faith expectation of prevailing. Both the number and the content of Mr. Ware's pleadings are indicia of frivolousness.

Further, Mr. Ware is not represented by counsel, but he is a former attorney and should know better. Pro se status does not give a litigant "an unfettered license to wage an endless campaign of harassment . . . or abuse the judicial process.'" Meltzer, 534 B.R. at 771 (citations omitted). No leniency should be given to "frequent and experienced pro se litigants who have a reasonable degree of legal sophistication[.]" Id. Mr. Ware is an experienced litigant with a long history of filing frivolous papers, and his pro se status does not mitigate against filing restrictions.

14

Finally, the Court will narrowly tailor its limitations to closely fit the specifics of this matter: a bankruptcy case that was dismissed and closed 19 years ago. The Court will prohibit Mr. Ware from filing, sending, or otherwise delivering documents for filing in this case, except for notices of appeal and papers filed in connection therewith. The Court believes this is the appropriate sanction and that instituting a pre-filing review process of papers relating to this bankruptcy case will only further burden the Court. The Court has ruled on these issues, and, at some point, all litigation must come to an end. See Travelers Indem. Co. v. Bailey, 557 U.S. 137, 154 (2009) ("it is just as important that there should a place to end as there should be a place to begin litigation.") (citation omitted). Mr. Ware is not completely foreclosed from accessing the Courts: if he seeks further review, he may appeal. Further, the Court's sanction only limits filing in this one case. The Court therefore concludes it is appropriate to exercise its authority under 11 U.S.C. § 105 and 28 U.S.C. § 1651(a) to enter the following injunction.

Accordingly,

**IT IS ORDERED** that Ulysses T. Ware is hereby deemed a vexatious litigant.

**IT IS FURTHER ORDERED** that Mr. Ware is hereby barred from filing any pleadings in this case except a notice of appeal to the United States District Court for the Northern District of Georgia or the Eleventh Circuit Court of Appeals and any documents necessary to prosecute the appeal, such as the designation of the record or requests for transcripts.

**IT IS FURTHER ORDERED** that the Clerk shall not file or docket any petitions, motions or papers filed by or on behalf of Mr. Ware in this case, except as provided herein. Any such prohibited papers shall be returned to Mr. Ware unfiled with a cover letter referencing this Order. If he files a notice of appeal, the Clerk shall forward a copy of this Order with the notice of appeal.

**IT IS FURTHER ORDERED** that all filing directions set out in the Show Cause Order continue to apply.

## END OF ORDER

**Distribution List**

Ulysses T. Ware
The Office of Ulysses T. Ware
123 Linden Blvd.
Ste 9-L
Brooklyn, N 11226